IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    vs.<br><br>Donald Day Jr.,<br><br>                Defendant. | No. CR-23-08132-PCT-JJT<br><br>**PROTECTIVE ORDER** |

Upon motion of the United States, and good cause appearing,

**IT IS HEREBY ORDERED** that the United States' motion for protective order is **GRANTED**.

**IT IS FURTHER ORDERED** that certain information in this case is subject to the terms and conditions of the following Protective Order:

1. The United States will be providing defense counsel, Mark Rumold ("Defense Counsel"), copies of certain discovery related to the investigation of defendant Donald Day Jr. ("Defendant"). The discovery includes information relating to an ongoing investigation in Australia and includes personal identifiable information ("PII"), communications with third parties, financial records and other sensitive information ("the Protected Discovery Material"). The Protected Discovery Material includes any page of discovery, disc of discovery or hard drive of discovery, provided in this case by the United States to Defense Counsel which contains reports or evidence provided by the Australian government to the FBI, and any FBI reports which summarize, the QPS investigation

and/or reference items of evidence seized during the course of the QPS's ongoing investigation. The following notation will be placed on all applicable evidence subject to the Protective Order: "Protected Discovery in *United States v. Donald Day Jr.*, Case No. CR23-08132-PCT-JJT (Subject to Protective Order)."

2. Defense Counsel and his office staff (collectively, "the Defense Team")[1] shall maintain Protected Discovery Material as follows:

a. The Defense Team and the defendant shall use the Protected Discovery Material solely and exclusively in connection with the defense of the defendant (including investigation, trial preparation, and trial), and not for any commercial or other outside purpose. This limitation on the defendant's use concludes at the end of proceedings before the district court.

b. A copy of this Protective Order shall be kept with the Protected Discovery Material (and any copies made thereof) at all times. No person, except for the defendant, shall have access to the Protected Discovery Material until he or she has certified that he or she has read, understands, and agrees to the terms of this Protective Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order, by signing a copy of the "Acknowledgment of Protective Order in *United States v. Donald Day Jr.*," attached hereto as **Exhibit A**. Once a person has executed an Acknowledgment, it shall not be necessary for that person to sign a separate Acknowledgment each time that person is subsequently given access to the Protected Discovery Material. Defense Counsel will maintain each of the signed

---

[1] "The Defense Team" includes Defense Counsel; any associated attorneys in this case; secretarial, paralegal and clerical employees in defense counsel's offices; and interpreters, experts, and investigators working for, or retained by, Defense Counsel. For purposes of this Order, Defendant is not included in the definition of "Defense Team" and is referenced separately throughout the Order where appropriate. Defense Counsel shall keep an up-to-date list of all members of the Defense Team who have access to the Protected Discovery Material.

Acknowledgments and will file a copy of each Acknowledgment with the Court, *ex parte* and under seal.

  c.  The defendant may view the Protected Discovery Material without signing the required Acknowledgment. However, the Defense Team shall not leave any of the Protected Discovery Material, or copies of the Protected Discovery Material, in defendant's possession, without first obtaining leave of the Court. The United States reserves the right to oppose such a request.

  d.  The Protected Discovery Material shall be maintained and secured by Defense Counsel at Defense Counsel's offices and on computers employing standard security measures, such as firewalls, to prevent unintended outside access to the Protected Discovery Material. Should any member of the Defense Team need to maintain a copy of the Protected Discovery Material outside of Defense Counsel's offices (i.e. maintained by a retained expert, etc.), the Protected Discovery Material must be maintained and secured as required herein.

  e.  The only people who may view the Protected Discovery Material are the Defense Team (after signing the required acknowledgement), the defendant, the United States, and the Court. The Defense Team is prohibited from making and providing copies of the Protected Discovery Material to any other individual other than members of the Defense Team, the Court, or the defendant, after first obtaining leave of the Court. The Defense Team is prohibited from reading directly from the Protected Discovery Material to any other individual, other than members of the Defense Team, the defendant, the United States government, or the Court. The Defense Team is prohibited from uploading the Protected Discovery Material to any publicly accessible online applications or internet-based platforms, unless such action is explicitly authorized by the Court; however, nothing in this Paragraph precludes a member of the Defense Team (who has signed the Acknowledgement) from transmitting Protected Discovery Material solely to another member of the Defense Team (who has signed the Acknowledgement) via protected

electronic means such as through encrypted email communications or password-protected cloud sharing service.

      f.      Notwithstanding Paragraphs 2(a)–(e), nothing in this Protective Order precludes Defense Counsel from seeking relief from this Protective Order in the event Defense Counsel determines that there is a need for the Defense Team to use the documents in some manner other than as contemplated by the Protective Order. Should such circumstance arise, Defense Counsel may file a motion with the Court. The United States reserves the right to oppose such motion.

      g.      Notwithstanding Paragraphs 2(a)–(f), nothing in this Protective Order precludes the parties from summarizing, discussing, or describing the contents of the Protected Discovery Material in public filings or proceedings before the Court.  Should either the Defense Team or the United States plan to file any of the Protected Discovery Material as an exhibit or attachment to a filing before the Court, they must do so under seal.  Should either the Defense Team or the United States want to file any of the Protected Discovery Material as an *unsealed* exhibit or attachment, they may do so only after receiving permission from the Court, providing notice to the other party, and allowing the other party an opportunity to be heard prior to any such filing.  Even if granted permission to file or attach such a document, the parties must comply with the requirements of Federal Rule of Criminal Procedure 49.1.

      h.      Defense Counsel shall promptly notify the United States and this Court if the Protected Discovery Material (or copies made thereof) is disclosed to anyone not designated by this Protective Order or further order of the Court, either intentionally or unintentionally. The Defense Team shall promptly notify Defense Counsel of any such disclosures.

      i.      In the event that the defendant obtains substitute counsel or decides to represent himself *pro se*, defense counsel shall notify the United States. Defense counsel will refrain from immediately providing copies of the Protected Discovery Material to the defendant or substitute counsel until after the United States has had an opportunity to seek

the entry of an amended protective order that applies to the defendant, individually, or substitute counsel's office. The United States will move for such an order expeditiously.

3. The Protected Discovery Material (and all copies made thereof) belongs to the United States. At the conclusion of proceedings before the district court, Defense Counsel and the United States agree to meet and confer regarding ongoing possession and use of the Protected Discovery Material. The parties will bring to the Court any unresolved disputes concerning the Protected Discovery Materials for the Court's decision.

4. This Protective Order does not limit the use of Protected Discovery Material as trial exhibits or during trial testimony.  Should this matter proceed to trial, the use of Protected Discovery Material as trial exhibits or during trial testimony shall be addressed by the parties and the Court by separate order.

5. Violation of this Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, and/or any other sanctions which are legally available.  This Court shall retain jurisdiction to enforce this order.

Dated this 26th day of January, 2024.

_____
Honorable John J. Tuchi
United States District Judge

# EXHIBIT A

## Acknowledgment of Protective Order in
## *United States v. Donald Day Jr.*

The undersigned acknowledges that he/she has read the Protective Order in *United States v. Donald Day Jr.*, attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Protective Order obligate him/her to review and/or use the documents labeled, "Protected Discovery in *United States v. Donald Day Jr.*, Case No. CR-23-08132-PCT-JJT (Subject to Protective Order)," in accordance with the Protective Order, and not to disclose any such documents or information derived directly therefrom to any other person except as authorized by the Court or the terms of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or other sanctions.

Printed Name: _____

Date: _____   Signature: _____