GARY M. RESTAINO
United States Attorney
District of Arizona
DAVID A. PIMSNER
Arizona State Bar No. 007480
ABBIE BROUGHTON MARSH
California State Bar No. 226680
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: David.Pimsner@usdoj.gov
Email: Abbie.Broughton.Marsh@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-08132-PCT-JJT |
| Plaintiff, | |
| vs. | **JOINT JURY QUESTIONNAIRE PROPOSED QUESTIONS** |
| Donald Day Jr., | |
| Defendant. | |

The United States and Donald Day, Jr., through his undersigned counsel, respectfully submit a Joint Jury Questionnaire Proposed Questions pursuant to this Court's Order (Doc. 74).  The parties incorporate by reference the Standard Questions for Judge Tuchi's Jury Prescreening Questionnaires Criminal Cases [Updated 4/24/2024][1] and submit the following proposed stipulations, modifications, additions, and objections for the Court's consideration.

---

[1] JJT Standard Prescreen Jury Questionnaire_0.pdf (uscourts.gov)

Length and Schedule of Trial

The trial is expected to last seven days and will begin on October 22, 2024.

Allowing some additional time for deliberations after the jury receives the case, the Court projects the jury could be occupied up to and through November 1, 2024.

Questionnaire

40. *Insert the following*: Will the fact that this case involves charges of making threats and unlawful possession of firearms and ammunition affect your ability to serve fairly and impartially?

41. *Modify question to reflect the following*: Have you or has someone close to you ever been the victim of a crime, whether or not there was a prosecution?

46. *Strike question for lack of relevance.*

47. *Strike question for lack of relevance.*

49. *Strike question for lack of relevance.*

50. *Modify question to reflect the following*: Some of the witnesses will be federal law enforcement officers with the Federal Bureau of Investigation (FBI), Bureau of Alcohol, Tobacco, and Firearms (ATF) and Customs and Border Protection (CBP). Do you have opinions (positive or negative) of federal law enforcement, or in particular the FBI, ATF or CBP, that would make it difficult for you to be a fair and impartial juror in this case?

53. *Modify the question to reflect the following*: If the trial were to result in a guilty verdict or verdicts, the judge would decide the punishment in this case and you will be so instructed. Do you disagree with the judge imposing the sentence if there is a conviction?

61. *Modify the question to reflect the following*: Jury service is essential to the administration of justice. Accordingly, inconvenience will not be sufficient to excuse a prospective juror. To be excused, a juror must show an unacceptable amount of personal hardship. In light of these considerations, and in light of the projected trial schedule of October 22. 2024 through November 1, 2024 (excluding the intervening weekend) would

service as a juror in this case create unacceptable personal, financial, professional, or other serious hardship for you?

62. *Stipulated question*: What bumper stickers, if any, do you have on your car?

63. *Stipulated question*: Do you have any belief or opinion on the subject of firearms or the laws that govern firearms that could affect the way you think about this case?

64. *Stipulated question*: Have you, or has anyone you know, had any experience with guns that could influence your ability to serve as a fair and impartial juror in this case?

65. *Stipulated question*: Do you or any member of your family or household currently own or have access to a firearm? If yes, please describe the weapon(s).

66. *Stipulated question*: Do you communicate with others or express your opinions using social media platforms such as YouTube, X (formerly Twitter), or other chat rooms? Do you do so anonymously or with people you don't know outside the internet? If so, please explain.

## II.    **Government's Proposed Voir Dire Questions and Defendant's Objections**

Case Description (Proposed by Government)

This is a federal criminal case. Donald Day Jr. has been charged with two counts of making interstate threats, one count of felon in possession of firearms and ammunition, one count of possession of an unregistered firearm and one count of threatening federal officials. It is alleged that Mr. Day posted two threats on the internet against law enforcement and the Director of the World Health Organization. These alleged threats do not involve any allegations of actual physical violence. It is further alleged that in Heber, Arizona, Donald Day possessed nine firearms and approximately 10,000 rounds of ammunition. Mr. Day is also charged with possession of an unregistered short-barrel shotgun. Finally, Mr. Day is charged with making verbal threats against FBI personnel. Mr. Day denies the charges, has pleaded not guilty, and is presumed innocent unless and until proven guilty beyond a reasonable doubt of those charges.

**Defense objection:** The government's description should not be used for at least two reasons: First, for purposes of a prescreening questionnaire, Mr. Day's name should not be disclosed. This case has attracted media attention in both the United States and Australia.[2] By including Mr. Day's name, there is a significant risk that prospective jurors could be exposed to prejudicial media coverage of the case—simply by Googling Mr. Day's name. The risk of prejudice is greatly outweighed by the limited benefit of identifying, in advance, members of the venire that might know Mr. Day personally.

Second, the government's case description contains an unnecessarily specific description of the charges and unnecessary (and disputed) factual information. For example, the government's description would inform prospective jurors that Mr. Day has been charged with "felon in possession"—despite the fact that he currently has a pending motion to dismiss that charge. And, if that motion is granted, the jury is unlikely to learn the highly prejudicial fact of Mr. Day's alleged prior convictions. The description also contains unnecessary and disputed detail: for example, the government suggests Counts 1 and 2 allege threats against "law enforcement" and the Director of the World Health Organization. That is the government's characterization of the facts of this case; Mr. Day vigorously disputes that characterization. A shorter, more generic description—that the case involves allegations of "threats and unlawful possession of firearms"—provides all the detail necessary, at this stage in the proceedings.

<u>Questionnaire Modifications</u>

23. Insert the following: Do you know the Defendant Donald Day Jr.?

**Defense Objection:** Strike question in light of the media attention this case has attracted.

41. Insert: Did that crime involve a firearm?

---

[2] *See, e.g.,* https://www.theguardian.com/australia-news/2024/jan/18/wieambilla-shooting-donald-day-allegedly-ammunition-buckets-ammo-fbi-us-court-gareth-stacey-train; https://www.abc.net.au/news/2023-12-08/inside-god-fearing-conspiratorial-worldviews-of-donald-day-jr/103204360; https://www.dailymail.co.uk/news/article-12908697/Wieambilla-tragedy-American-sovereign-citizen-Donald-Day-Jr-accused-coaching-Aussie-doomsday-terrorist-cop-killers.html

**Defense Objection:** Prospective jurors can already provide a description of the crime in the space provided in the questionnaire.

Government's Proposed Questionnaire Questions

1. Do you believe that federal laws regulating the possession of firearms violate the Constitution? Do you believe federal gun laws are too strict? Too lenient?

**Defense objection:** Duplicative (stipulated question # 63)

2. Do you believe that the possession of firearms and ammunition should be legalized under all circumstances? Do you believe it is proper for the government to regulate who is permitted to have weapons? Do you believe felons should be allowed to possess firearms and ammunition?

**Defense objection**: duplicative (stipulated question # 63). Also, in light of the pending motion to dismiss counts 3 and 4, the question introduces prejudicial and potentially irrelevant information.

3. Have you or any close family members had their rights to possess firearms revoked or restored?

**Defense objection**: duplicative (stipulated question #64)

4. Do you or someone close to you belong to an organization that lobbies for or against gun control?

**Defense objection**: duplicative (standard question #20)

5. Does the fact that a firearm is involved in this case impact your ability to be an impartial juror to either the defendant or government?

**Defense objection**: duplicative (standard question #45)

6. Do you agree that more than one person can have possession and control over an item?

**Defense objection**: attempts to argue / educate the jury on the government's theory of the case / interpretation of the law

7. Do you believe that the First Amendment allows you to say or write whatever you want?

    **Defense objection**: attempts to argue / educate the jury on the government's theory of the case / interpretation of the law

    8. Do you believe that the government has the right to regulate certain speech?

    **Defense objection**: attempts to argue / educate the jury on the government's theory of the case / interpretation of the law

    9. Do you believe that for a threat to be valid, a person has to intend to carry out the threat?

    **Defense objection**: attempts to argue / educate the jury on the government's theory of the case / interpretation of the law

    10. Do you belong to an organization that advocates for free speech?

    **Defense objection**: duplicative (standard question #20)

    11. Have you or a close family member been the victim of a crime involving threats or threatening communications?

    **Defense objection**: duplicative (standard question #41 (as amended))

    12. Do you believe that threats directed at law enforcement should be considered part of the job?

    **Defense objection**: attempts to argue / educate the jury on the government's theory of the case / interpretation of the law

    **III.**     **Defendant's Proposed Voir Dire Questions and the Government's Objections**

Case Description (Proposed by Defendant)

    This is a federal criminal case. The defendant has been indicted on five counts related to making threats and the unlawful possession of firearms and ammunition. The defendant denies the charges, has pleaded not guilty, and is presumed innocent unless and until proven guilty beyond a reasonable doubt of those charges.

Defendant's Proposed Questionnaire Questions

    1. Are you a strong supporter of vaccine mandates?

**Government's objection:** propose adding the language "or opponent" after supporter.

2. Are you a strong supporter of the World Health Organization?

**Government's objection:** propose adding the language "or opponent" after supporter.

RESPECTFULLY SUBMITTED this 17th day of June 2024.

                                                GARY M. RESTAINO
                                                United States Attorney
                                                District of Arizona

                                                *s/ Abbie Broughton Marsh*
                                                DAVID A. PIMSNER
                                                ABBIE BROUGHTON MARSH
                                                Assistant U.S. Attorneys

                                                *s/Mark Rumold (with permission)*
                                                MARK RUMOLD
                                                Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Mark Rumold
*Counsel for Donald Day Jr.*

*/s/Christian Perez*
U.S. Attorney's Office