JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK RUMOLD
CA Bar #279060
Asst. Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | Case No. CR-23-8132-PCT-JJT |
|---|---|
| Plaintiff, | **MOTION TO SEVER COUNTS 3 & 4** |
| vs. | |
| Donald Day, Jr., | |
| Defendant | |

In response to the Court's Order, Dkt. 111, Mr. Day respectfully moves to sever Counts 3 and 4 from the upcoming jury trial, presently set for April 22, 2025. As explained in more depth below, severance provides clarity on the constitutionality of the charges Mr. Day faces; it guards against unwarranted prejudice; and it will not unduly interfere with judicial economy. Mr. Day respectfully requests the Court allow this case to proceed to trial on Counts 1, 2, and 5, as-scheduled, beginning April 22, 2025.

\*   \*   \*

Severance of Counts 3 and 4—the two firearm related counts—offers several practical and procedural benefits:

***First***, severance allows additional time for the Ninth Circuit to provide clarity on the constitutionality of the firearm charges in this case. The law governing firearm prohibitions in this Circuit—particularly for individuals with prior felony convictions—remains in considerable flux. As the Court knows, *United States v. Duarte*, No. 22-50048 —a case presenting whether the lifetime ban on possession of firearms worked by 18 U.S.C. § 922(g)(1) is consistent with the Second Amendment—remains pending, en banc. The Ninth Circuit's decision in *Duarte* will likely provide guidance for, if not wholly control, this Court's resolution of Mr. Day's constitutional challenges to the firearm counts in this case.

In August 2024, Mr. Day requested the only continuance he has sought in this case. *See Motion to Continue Trial and Pretrial Motion Deadline; Alternatively Motion to Bifurcate Trial* (Dkt. 85). That continuance was requested to provide the Ninth Circuit with "the opportunity to clarify the law as it applies to this case." *Id* at 2. At the time, Mr. Day suggested that "a continuance of six months should provide an adequate window for the Ninth Circuit to decide the case." *Id*.

That belief, however, appears to have been optimistic. *Duarte* was not argued until December; and, as recently as last month, the parties continue to submit supplemental briefing. *See Citation of Supplemental Authorities*, *filed in United States v. Duarte*, 22-50048 (Dkts. 123 & 124).

Although a continuance was reasonable at the time, Mr. Day believes the alternative remedy he sought in August—severance—is now warranted.

***Second***, severance allows the government the opportunity to clarify its litigation position in this, and other, firearm-related cases. In an Executive Order issued on February 7, 2025, President Trump ordered the Attorney General to review "[t]he positions taken by the United States in any and all ongoing and

potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights" within 30 days. *See* E.O. 14206, *Protecting Second Amendment Rights* (Feb. 7, 2025)[1]. Following that review, the Attorney General was ordered to present a "proposed plan of action to the President . . . to protect the Second Amendment rights of all Americans." *Id*. Following submission of the plan, the Attorney General is to "establish a process for implementation" of the plan—though no timetable is provided. That process, however, will likely take time. While the government engages in that process, Mr. Day respectfully requests the opportunity to resolve the remaining charges against him. This, too, supports severance.

**Third**, severance of Counts 3 and 4 avoids unwarranted prejudice to Mr. Day. *See* Fed. R. Crim. P. 14(a) (providing court may "order separate trials of counts" where a "consolidation for trial appears to prejudice a defendant"). The charges in this case share little factual connection. And consolidating the counts for trial creates a real risk of prejudice to Mr. Day. This is especially true where, as here, Mr. Day is accused of possessing a firearm after a prior felony conviction. "All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation," risking serious prejudice to the defendant. *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996). This is so "because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges," and convict the defendant "because he is a 'bad guy'" or "because 'he committed a crime before and probably did this one too.'" *Id*; *see also United States v. Richardson*, 161 F.3d

---

[1] *Available at* https://www.whitehouse.gov/presidential-actions/2025/02/protecting-second-amendment-rights/

3

728 (D.C. Cir. 1998) (recognizing, in misjoined trial for threats and weapons trial, that "the jury heard irrelevant and clearly prejudicial evidence in connection with the threats charge at the time it was determining appellant's guilt on the weapons charges"). Severance guards against this risk and ensures Mr. Day will receive a fair trial.

*Fourth*, there is no clear basis for joinder of the offenses in the first place. Under Rule 8(a), offenses may be joined if they "are of the same or similar character;" are "based on the same act or transaction;" or "are connected with or constitute parts of a common scheme or plan." In Mr. Day's case, it is arguable that Counts 1, 2, and 5 (the threat counts) and Counts 3 and 4 (the firearms counts) are of a "similar character." Fed. R. Crim. P. 8(a). But there is no comparable connection between the threat and firearm counts: they are dissimilar, they are not based on the same act or transaction; and they are not part of a common scheme or plan. *See id.* Although Rule 8 is generally construed liberally, the rule is "not infinitely malleable: it cannot be stretched to cover offenses, like those here, which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Richardson*, 161 F.3d at 733. Severance, then, ensures compliance with Rule 8.

*Finally*, judicial economy is not substantially promoted through a single trial. The evidence supporting each count is, largely, distinct. That is true even for the counts that are of a similar character. For the threat counts, for example: one was allegedly made in a video Mr. Day uploaded to YouTube; another was allegedly posted in a comment on another website, BitChute; and a third was allegedly made in person, when Mr. Day was arrested for these offenses. Each of the threat counts are separated in time, and each count involved a different alleged

4

victim. The firearm counts share some similarities: each requires evidence of Mr. Day's possession of a firearm or ammunition. Count 3, of course, requires proof of Mr. Day's alleged prior felony convictions; and for Count 4, the government must prove Mr. Day's knowledge of the firearm's specific characteristics and that the firearm was unregistered. *See United States v. Montoya-Gaxiola*, 796 F.3d 1118, 1122 (9th Cir. 2015). Overall, with little factual overlap and little connection between the counts, little efficiency is achieved through a single trial. It will only result in a *longer* trial. And a longer trial is especially burdensome here, where jurors will be forced to travel long distances to serve on the jury.

\*    \*    \*

For all these reasons, Mr. Day respectfully requests that the Court sever Counts 3 and 4, and allow this case to proceed to trial on Counts 1, 2, and 5, as-scheduled, beginning April 22, 2025.

Excludable delay under 18 U.S.C. § 3161(h)(7)(B)(i) and (ii) may result from this motion or from an order based thereon.

Respectfully submitted:   February 25, 2025.

JON M. SANDS
Federal Public Defender

 *s/Mark Rumold*
MARK RUMOLD
Asst. Federal Public Defender