JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK RUMOLD
CA Bar #279060
Asst. Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>      vs.<br><br>Donald Day, Jr.,<br><br>             Defendant | Case No. CR-23-8132-PCT-JJT<br><br>**RESPONSE TO COURT'S ORDER**<br>**(Dkt. 111)** |

In response to the Court's Order, Dkt. 111, Mr. Day respectfully moves to sever Counts 3 and 4 from the upcoming jury trial, presently set for April 22, 2025.

As explained in more depth below, severance will allow for additional clarity on the constitutionality of the charges Mr. Day faces; it guards against unwarranted prejudice; it will not unduly interfere with judicial economy; and it minimizes the burden on potential jurors.

Mr. Day respectfully requests the Court allow this case to proceed to trial on Counts 1, 2, and 5, as-scheduled, beginning April 22, 2025.

*      *      *

Severance of Counts 3 and 4—the two firearms-related counts—offers several practical and procedural benefits:

***First***, severance allows additional time for the Ninth Circuit to provide clarity on the constitutionality of the firearm charges in this case. The law governing firearm prohibitions in this Circuit—particularly for individuals with prior felony convictions—remains in considerable flux. As the Court knows, *United States v. Duarte*, No. 22-50048 —a case presenting whether the lifetime ban on possession of firearms worked by 18 U.S.C. § 922(g)(1) is consistent with the Second Amendment—remains pending, en banc. The Ninth Circuit's decision in *Duarte* will likely provide guidance for, if not wholly control, this Court's resolution of Mr. Day's constitutional challenges to the firearm counts in this case.

In August 2024, Mr. Day requested the only continuance he has sought in this case. *See Motion to Continue Trial and Pretrial Motion Deadline; Alternatively Motion to Bifurcate Trial* (Dkt. 85). That continuance was requested to provide the Ninth Circuit with "the opportunity to clarify the law as it applies to this case." *Id at* 2. At the time, Mr. Day suggested that "a continuance of six months should provide an adequate window for the Ninth Circuit to decide the case." *Id*.

That belief, however, appears to have been optimistic. *Duarte* was not argued until December; and, as recently as last month, the parties continue to submit supplemental briefing. *See Citation of Supplemental Authorities*, *filed in United States v. Duarte*, 22-50048 (Dkts. 123 & 124).

Although a continuance was reasonable at the time, Mr. Day submits the alternative remedy he sought in August—severance—is now warranted.[1]

---

[1] Severance has an attendant benefit related to legal clarity: it allows the government the opportunity to review its litigation position in this, and other, firearms-related cases. In an Executive Order issued on February 7, 2025, President Trump ordered the Attorney General to review, with 30 days, "[t]he positions taken by the United States in any and all ongoing and potential litigation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Second***, severance of Counts 3 and 4 avoids unwarranted prejudice to Mr. Day. *See* Fed. R. Crim. P. 14(a) (providing court may "order separate trials of counts" where a "consolidation for trial appears to prejudice a defendant"). The charges in this case share little factual connection, and consolidating the counts for trial creates a real risk of prejudice to Mr. Day. This is especially true where, as here, Mr. Day is accused of possessing a firearm after a prior felony conviction. "All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation," risking serious prejudice to the defendant. *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996). This is so "because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges," and convict the defendant "because he is a 'bad guy'" or "because 'he committed a crime before and probably did this one too.'" *Id*; *see also United States v. Richardson*, 161 F.3d 728 (D.C. Cir. 1998) (recognizing, in misjoined trial for threats and weapons counts, that "the jury heard irrelevant and clearly prejudicial evidence in connection with the threats charge at the time it was determining appellant's guilt on the weapons charges"). Severance guards against this risk and ensures Mr. Day will receive a fair trial.

---

that affects or could affect the ability of Americans to exercise their Second Amendment rights." *See* E.O. 14206, *Protecting Second Amendment Rights* (Feb. 7, 2025), *available at* https://www.whitehouse.gov/presidential-actions/2025/02/protecting-second-amendment-rights/. Following that review, the Attorney General is required to present a "proposed plan of action to the President . . . to protect the Second Amendment rights of all Americans." *Id*. Following submission of the plan, the Attorney General is to "establish a process for implementation" of the plan—though no timetable is provided. Affording the government the opportunity to complete that process—which will likely include a review of its position in *Duarte* and other cases—likewise supports severance.

**Third**, there is no clear basis for joinder of the offenses in the first place. Under Rule 8(a), offenses may be joined if they "are of the same or similar character;" are "based on the same act or transaction;" or "are connected with or constitute parts of a common scheme or plan." In Mr. Day's case, it is arguable that Counts 1, 2, and 5 (the threat counts) are of a "similar character" to one another and that Count 3 (the first firearm count) is of a "similar character" to Count 4 (the second firearm count). Fed. R. Crim. P. 8(a). But there is no comparable connection between the threat and firearm counts: they are dissimilar, they are not based on the same act or transaction; and they are not part of a common scheme or plan. *See id.* Although Rule 8 is generally construed liberally, the rule is "not infinitely malleable: it cannot be stretched to cover offenses, like those here, which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Richardson*, 161 F.3d at 733. Severance, then, ensures compliance with Rule 8.

**Fourth**, judicial economy is not substantially promoted through a single trial. The evidence supporting each count is, largely, distinct. That is true even for the counts that are of a similar character. For the threat counts, for example: one was allegedly made in a video Mr. Day uploaded to YouTube; another allegedly posted in a comment on another website, BitChute; and a third was allegedly made in person, when Mr. Day was arrested for these offenses. Each of the threat counts are separated in time; each count involved a different alleged victim; and there is no common theme or nexus between the counts.

The firearm counts share some similarities: each requires evidence of Mr. Day's possession of a firearm or ammunition. Count 3, of course, requires proof of Mr. Day's alleged prior felony convictions; and for Count 4, the government must

prove Mr. Day's knowledge of the firearm's specific characteristics and that the firearm was unregistered. *See United States v. Montoya-Gaxiola*, 796 F.3d 1118, 1122 (9th Cir. 2015).

Yet much of the evidence admissible to prove Counts 3 and 4—specifically, evidence of Mr. Day's alleged possession of firearms and ammunition—would be *inadmissible* in a trial on the threat counts. The government is not required to prove that Mr. Day intended to carry out the alleged threats made in Counts 1, 2, and 5. *See United States v.* Cassel, 408 F.3d 622, 627-28 (9th Cir. 2005) ("[N]o one now contends that the Constitution requires proof that the defendant intends to carry out the threat.") Absent a need to prove an intent or ability to carry out the threat (or some factual connection between a firearm and a particular threat), Mr. Day's alleged possession of firearms and ammunition is irrelevant to whether he intended to *communicate* a threat. *See* FRE 402. Even if Mr. Day's possession of firearms and ammunition were somehow marginally probative of a fact in dispute, sustained, detailed testimony—of the type necessary to prove the firearm counts, including, for example, the type of firearms or the amount of ammunition Mr. Day allegedly possessed—would be far more prejudicial than probative. *See* FRE 403. Such testimony risks confusing the jury and inviting the jury to assume—because Mr. Day allegedly possessed firearms and ammunition (and because he was previously convicted of a felony)—that he was more likely to have committed the crimes alleged in Counts 1, 2, and 5. *See, e.g.*, *United States v. Philibert*, 947 F.2d 1467, 1470-71 (9th Cir. 1991) ("[T]he government has not explained, and we fail to perceive, any possible relevance" of evidence of the purchase of "over $4,000 worth of guns, bayonets, and ammunition" in an interstate threat trial).

Overall, with little factual overlap and little logical connection between the counts, little efficiency is achieved through a single trial.

**Finally**, joining all counts in a single trial does accomplish one thing: it makes the trial longer. But a longer trial places a heavy burden on the jurors who are called to serve. While a lengthy trial is always burdensome on jurors, it is especially so here, where the panel will be drawn from throughout Northern Arizona; many (if not all) jurors will have to travel long distances to appear for jury service, and they will be forced to be away from their homes and family for the duration of the trial. Two shorter trials will lessen the burden on jurors. This, too, counsels in favor of severance.

\*    \*    \*

For all these reasons, Mr. Day respectfully requests the Court sever Counts 3 and 4, and allow this case to proceed to trial on Counts 1, 2, and 5, as-scheduled, beginning April 22, 2025.


Respectfully submitted:    February 25, 2025.

JON M. SANDS
Federal Public Defender

_s/Mark Rumold_
MARK RUMOLD
JAMI JOHNSON
Asst. Federal Public Defenders