**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Donald Day, Jr.,<br><br>　　　　Defendant. | No. CR-23-08132-PCT-JJT |

At issue is Defendant's Motion to Sever Counts 3 and 4 (Doc. 117), to which the government has filed a Response in opposition (Doc. 119). No party requested oral argument on the motion and the Court concludes it would not benefit from same. LRCrim 12.1(a); LRCiv 7.2(f).

The Court has recounted the background of this matter in several past orders and will not do so again here, except to address the specifics of the pending motion. The Second Superseding Indictment charged Defendant with two counts of making interstate threats (Counts 1 and 2), one count of threatening a federal officer (Count 5), one count of being a felon in possession of firearms and ammunition (Count 3), and one count of possessing an unregistered firearm (Count 4). (Doc. 68.) Defendant has moved to sever both firearms counts—Counts 3 and 4—from the various threat counts. In support of his motion, Defendant asserts three principal arguments: 1) delaying the firearms charges will allow additional time for the Ninth Circuit to clarify whether felons will continue to be prohibited from possessing firearms by resolving its pending *en banc* review of *United States v.*

*Duarte*, No. 22-50048; 2) severing the firearms charges from the threat charges pursuant to Fed. R. Crim. P. 14(a) will avoid "unwarranted prejudice" to Defendant;[1] and 3) severance and separate trials of the two sets of charges is no less judicially economical than one trial because the evidence for each charge is largely distinct. The government counters that joinder is proper as all of the charges are of the same or similar character, are part of a common scheme or plan, and the evidence for all charges overlaps a common transaction and location; moreover, the government argues, Defendant cannot show that joinder—or denial of the motion for severance—is manifestly prejudicial to him. Finally, the government urges that trying all counts together in one trial preserves resources of the Court, the parties and the Prescott Division jury pool, and that there is significant evidentiary overlap between what it will present to prove up the firearms and threat charges.

The Court concludes that resolution of the issues in *Duarte* no longer provides adequate justification to delay the felon in possession charge in Count 3 or the possession of unregistered firearm charge in Count 4. Earlier in this litigation, Defendant filed a motion to dismiss Counts 3 and 4 based on the Supreme Court's holding in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 14 S.Ct. 2111 (2022). (Doc. 41.) While that motion was pending, a panel of the Ninth Circuit issued its decision in *Duarte*, holding that 18 U.S.C. Section 922(g)(1), which prohibited convicted felons from possessing firearms or ammunition, was unconstitutional under *Bruen*. *United States v. Duarte*, 101 F. 4th 657 (9th Cir. 2024). But in July 2024, the Ninth Circuit granted rehearing *en banc* in *Duarte* and withdrew the panel opinion.

In light of the grant of *en banc* review, Defendant moved for, and the Court granted, a six-month trial continuance to the current trial date, to allow the circuit court to resolve the issue likely to be determinative of whether Count 3 at least was viable. (Docs. 85, 86.) Despite the delay, however, the Ninth Circuit has yet to rule on *Duarte*. And while the

---

[1] Defendant offers an additional argument that "there is no clear basis for joinder of [all] the offenses in the first place" pursuant to Fed. R. Crim. P. 8(a). (Doc. 117 at 4.) That argument is subsumed in the Rule 14(a) argument regarding unwarranted prejudice and will be addressed therein.

1  Court concluded previously in granting Defendant's motion to continue trial for a
2  reasonable period, additional delays are no longer justifiable. There is no way of knowing
3  how much more time the circuit court will require to resolve the matter, and trial has been
4  delayed significantly already.

5  The Court also finds that judicial economy is significantly promoted by trying all
6  counts in the Second Superseding Indictment in a single trial. This is a Prescott Division
7  matter, utilizing a Prescott Division jury pool. Because this Court lacks a venue to try the
8  matter in the Prescott Division until at least late 2026, when the Flagstaff courthouse is
9  scheduled for completion, the trial or trials in this matter will be conducted in Phoenix,
10 necessitating a large jury pool to travel from the five northern counties at least for a day
11 for each jury selection, and then will require those selected to serve as jurors or alternates
12 to stay in Phoenix for the duration of the trial or trials. The Court fails to see the logic of
13 going through the process twice and inconveniencing twice the number of potential jurors
14 (and actual jurors) absent good reason. Notwithstanding Defendant's argument to the
15 contrary, the government indicates, and demonstrates to the Court's satisfaction, that there
16 is significant overlap in the evidence it has and is entitled to present on the threat and
17 firearms charges; this consideration supports the conclusion that trying the matter once
18 serves efficiency. Thus, the Court's determination comes down to an evaluation of the
19 prejudice to Defendant in a single trial of all five counts.

20 Joinder of multiple charges is appropriate, pursuant to Rule 8(a), if the charges are
21 1) of the same or similar character; 2) based on the same act or transaction; or 3) connected
22 with or constituting parts of a common scheme or plan. The Court finds from the
23 information and argument presented that the government meets requirements 1) and 3) of
24 Rule 8(a), at least. The Ninth Circuit utilizes a holistic approach to determining whether
25 different charges are the same or of similar character. *United States v. Jawara*, 474 F.3d
26 565, 572 (9th Cir. 2007). Using the holistic approach the Court considers factors including
27 1) the elements of the offenses; 2) the temporal proximity of the acts; 3) the likelihood of
28 evidentiary overlap; 4) the physical location of the acts; 5) the *modus operandi* of the

offenses; and 6) the identity of the victims. *Jawara*, 474 F.3d at 578. Almost all of these factors point toward a finding that the firearms charges are of a similar character as the threats within the meaning of Rule 8(a), and particularly the threat against federal officials in Count 5.

First, the acts alleged to constitute the firearms offenses in Counts 3 and 4 occurred at the same time and on the same date as the acts alleged to constitute the threat against a federal officer in Count 5. Second, the alleged acts constituting all five charged offenses occurred or originated in the same place—at Defendant's rural residence. Third, there is high likelihood of significant evidentiary overlap between the threat charges and some elements of the firearms possession charges. This is because two more of the *Jawara* factors—the *modus operandi* of both groups of charges and the identity of the victims in threat Count 5 and likely threat Count 1 as well—militate toward a finding of similarity of character between the threat and firearms charges here.

In proving the threat against a federal official charge in Count 5, the government must prove Defendant threatened to assault the five named federal agents then present and who were searching or had searched his residence on December 1, 2023, and that he did so with the intent to intimidate, impede or interfere with their duties. At the time Defendant is alleged to have made the threat in Count 5, because the named agents and/or other law enforcement officers were searching or had searched Defendant's property, Defendant knew they already had found or were about to find the nine firearms in Counts 3 and 4 as well as the ammunition listed in Count 3. The firearms and ammunition therefore are relevant not only to the firearms charges, but at least to the threat charge on Count 5, as the discovery of such a stockpile of weapons and ammunition might well bring credibility to Defendant's threat in the minds of the agents, and thus intimidate or impede them in carrying out their duties.

Moreover, if the true threat analysis necessary for analyzing Counts 1 and 2 also applies to the threat against agents in Count 5, Defendant's knowledge that the agents knew or were about to learn of his stockpile is relevant to the objective prong of that test. *See*

*United States v. Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990) ("alleged threats should be considered in light of their entire factual context, including the surrounding events and reaction of the listeners"). A reasonable speaker would foresee, in light of his recipients' knowledge of his stockpile of weapons and ammunition, that those recipients would understand his statement to be a threat to injure them. *United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012). And the subjective intent prong of the real threats test is also implicated, as Defendant's knowledge that the agents knew of the guns when he uttered the alleged threat is relevant to "whether the speaker subjectively intend[ed] to threaten." *Id*.

Finally, under the third prong of Rule 8(a), the firearms and ammunition, along with their location and the layout of hide, surveillance and shooting spots on the property, which the government gives notice it intends to argue mirrors the layout of the Queensland shootout property, would constitute parts of a common scheme or plan between the firearms charges in Counts 3 and 4 and the threat alleged in Count 1 at least.

For the above reasons, maintaining the firearms counts in the same trial as the threat counts does not unfairly prejudice Defendant for purposes of Rule 14, as the evidence of some elements of those firearms charges—principally the presence and knowing possession of those firearms and ammunition—is relevant to two and perhaps all three threat charges. And any danger of misapplication can and will be adequately addressed by strong limiting instructions by the Court both at the time of introduction of the evidence at issue and again in final instructions.

For the reasons set forth above,

**IT IS ORDERED** denying Defendant's Motion to Sever Counts 3 and 4 (Doc. 117). Trial as to all five counts will proceed as scheduled starting April 22, 2025.

Dated this 19th day of March, 2025.

Honorable John J. Tuchi
United States District Judge