TIMOTHY COURCHAINE
United States Attorney
District of Arizona

DAVID A. PIMSNER
Arizona State Bar No. 007480
ABBIE BROUGHTON
California State Bar No. 226680
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: David.Pimsner@usdoj.gov
Email: Abbie.Broughton@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. CR-23-08132-PCT-JJT |
|---|---|
| Plaintiff, | **UNITED STATES' NOTICE OF INTENT TO INTRODUCE OTHER ACTS EVIDENCE** |
| vs. | |
| Donald Day Jr., | |
| Defendant. | |

The United States gives notice pursuant to Federal Rule of Evidence 404(b) that it intends to introduce evidence of other crimes, wrongs, or acts of the defendant. At trial, the United States plans to introduce 1) evidence of the defendant's prior felony conviction[1] for Larceny, 2) statements made by the defendant online related to being an ex-con and being in possession of firearms and ammunition, and 3) testimony of witnesses who observed the

---

[1] Unless the defendant stipulates that on March 26, 1987, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

defendant in possession of firearms in the past.  The prior felony conviction is an element of the offense and is admissible to prove that element beyond a reasonable doubt.  The other statements and testimony will be offered show opportunity, identity, intent, knowledge, and absence of mistake.

## I.    Background.

The defendant is charged with five counts including being a convicted felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1) and possession of an unregistered firearm in violation of Title 18, United States Code, Sections 5841, 5845(a)(1), 5861(d) and 5871.  The firearms and ammunition charges stem from a search warrant executed at the defendant's residence in Heber, Arizona on December 1, 2023.  At the time of the search, the FBI recovered nine firearms and over 10,000 rounds of various caliber ammunition.

Additional investigation has led to other evidence that the defendant has possessed firearms and ammunition at his Heber residence for many years.  That evidence includes online posts the defendant made on YouTube and BitChute.  Those posts include the following:

1) On July 16, 2022, the defendant made the following comment to a YouTube video posted by the channel 'Kansas Prepper,' "[i]n one of my last videos, I put forth the call for all whom were willing to fight and kill the bad guys, to join me at Wounded Knee, as our initial rallying point, *armed to the teeth*...Yet not a single one of you ' patriots ' answered. In fact, many of my videos were premised upon a call to action, and not once were they favorably responded to. So, I am not one of the pussified patriots ( oxymoron ) who refuse to rally, fight and die if necessary. If you wannabes would just stop quibbling over stupid shit, saddle your ponies and ride, this type of pointless useless chitter chatter would not prevail. I could write more, but what's the point? *My wife has a lunch packed for*

*me, my gear is within arms reach of me, my rifle is oiled,*[2] and I'm ready to head out the door in less than 5 minutes, 24/7/365. So, what's it gonna be?"

2) On January 30, 2022, the defendant made the following comment to a now deleted YouTube channel: "Far too much time wasted, fussing over the unlawful actions of oathbreakers, order-followers and yes-men. When the law fails, it is up to you to become the law.; *for you then become a living writ of habeas corpus, armed with applicable points, authorities…and a rifle, when necessary.* You cannot be 'sovereign' and a 'citizen,' at the same time. You're either one or the other-Sovereign under God's law, or a subject under Maritime law (the Crown)."

3) On February 28, 2022, the defendant made the following comment to the YouTube video titled, "#303 J'Acuse! J'Acuse!! J'Accuse!!! Complicit Public SERVANTS/I ACCUSE YOU!" and posted by the YouTube channel Leslie Sylvan: "It is up to us, madame…Those who exist outside the uniformed drones of commerce, have never participated in any fight for freedom or justice…no, not ever. *I have an indomitable will, a noose formed from barbed wire and a shotgun; but I have not a single American man to help me pull weeds.* We are on our own."

4) On May 5, 2022, the defendant made the following comment to the YouTube video titled, 'GOD IS THE REIGN MAKER" and posted by YouTube channel Franchot Pearson: "Establishing the home you live in and the dirt it resides upon as holy ground, takes effort borne of faith, diligence and an intrepid disposition, 24/7. I know this to be true because I assert that authority which our Father provides... it is not easy, yet it is never without its reward and the satisfaction that comes with it. *When I pray for endurance and victory over evil, I do so with*

---

[2] The italicized font in paragraphs 1 through 10 was added for emphasis identifying the section referring to firearms and ammunition.

3

*a shotgun cradled in my arms*. Be well, friend."

5) On November 13, 2022, the defendant made the following comment to a now deleted YouTube channel: "As an antecdote, perhaps some folk will reckon the ruin of the Georgia Tombstones, as merely the precursor (now cancelled) to these new demandments. For all vestiges of the era we were born into, must be razed to dust, in order for the birth of the accoutrements of all that is abominable and necessary, toward the macabre globa'al hellscape, to be fully implemented and realized. Neither me, mine or our kind, can fall for any of that horse poop. *Shotgun, for all occasions.* Stay well, Ang…hello, Jack."

6) On July 25, 2022, the defendant made the following comment to the YouTube video titled, "the topic at hand" and posted by YouTube channel Freedom Inc: "'You go first. ' Lamespeak. I tried for 10 years to rally those wannabes you're speakin' of. ' You go first. ' Wtf does that even mean? The patriot way, is to arm up, mount up as a body of ' that's enough of your shit ' and provoke the tyrants to come to you; then it's killing time. You die, they die. Burn them out, they burn you out. 1000 different approaches, strategies and moves can be made, yet a real patriot is either dead, in prison (as you said ) or so disgusted with the 2 dimensional patriot types, that they just say ' fuck 'em, they're on their own. ' So, I say, let those bean-stacking, cartridge box-buying, tampon-inserting, lukewarm virtue-signalin' closet patriots fill the fema(le) camps, eat shit ( or soylent green ) and die. *These days, I just watch the stupid through the keyhole, 'til it's time to center my rifle barrel through it.* Good luck to you, anyhow."

7) In approximately June 2022, the defendant posted the following comments to the BitChute video titled, "Setting up the Powderkeg for our 'Independence Day:'" "*I'm an x-con, who's armed to the teeth. I don't need permission to exercise my Natural Rights. I did my time. I paid my debt. I am a free man; free to do whatever a free man chooses to do.*" In response to another users comment

stating, "I dont need one Im good," the defendant responded, "If you don't need one, then why are you firing one? Don't be a pussy. You cause constitutional x-cons like myself, to look bad. Either you're a free man or you're somebody's bitch. Make a choice."

8) On November 9, 2022, the defendant made the following comment on a video taken down by YouTube: "Eryn, *In order to maintain my ammo cache, I work outside of the system.* I don't have a bank account, credit card, birth certificate, social security card, drivers license or any of the unlawful and unconstitutional trappings of the current American slave class. I don't work for the system, I don't support the system and I most certainly don't back down from the system. I find a way through the system or around it. The system, and those who enforce the system, are all criminals... so why would a cognizant man work for them, obey them or fear them? Although I understand your personal dilemma and the difficulty which the system imposes upon you, which influences how you move and where you move, what will submitting to bad people achieve for you? If running from place to place suits you, then run fast and hard. Yet one day, those who run, will run out of breath, energy and the will to resist evil people. A bully stops bullying, once you punch a hole in the bully's face."

9) On September 16, 2022, the defendant made the following comment on a video taken down by YouTube: "*Yeah, I really like my 870. Best one I've ever owned.* Had a stacked twin Benelli, but not practical for zombie defense. Be well, boss."

10) On July 13, 2022, the defendant made the following comment on a video taken down by YouTube: "So, if any federales or corporate enforcers are so stupid to *make an attempt to disarm me or mine*, they won't be going home."

In addition to the defendant's online posts admitting to be in possession of firearms and ammunition, the government will likely call one or more of the following witnesses who knew the defendant during his time when the defendant resided at his Heber's

residence where the guns and ammunition were discovered on December 1, 2023.  Below is a brief summary of their anticipated testimony.

1) David Eck was employed Griffin Propane and delivered propane to the defendant's residence at least three times in approximately 2014.  The defendant would meet Mr. Eck at the gate and escort him to the propane tank.  Mr. Eck observed a Remington 870 shotgun on the seat of the truck driven by the defendant.  He also observed the defendant with a pistol on his hip, possibly a 9mm.

2) From 2014 through 2016/2017 timeframe, Ricky Martin was the next-door neighbor to the defendant and Sabrina Spires.  On one occasion, Mr. Martin heard a shotgun pumping and looked toward the defendant's property.  Mr. Martin observed the defendant on his deck with a shotgun in the port arms position.

3) Between 2020 and 2024, Dominic Ambrosino was the manager of the Hub, a business which sold primarily firearms, ammunition and firearm related products. Mr. Ambrosino remembers the defendant being present at the store on several occasions.  Mr. Ambrosino remembers that between 2020 and 2021, the defendant was attempting to purchase ammunition but was denied because of the way he was acting.

4) Nani Jacobsen lived down the street from the defendant's property. Ms. Jacobsen observed the guns multiple times on his property including shortly before the defendant's arrest.

5) Eric Wong worked at Reeder's Custom Guns[3] in Flagstaff, Arizona.  Mr. Wong

---

[3] Records show that Sabrina Spires purchased five of the nine guns seized from the defendant's residence from Reeder's Custom Guns between October 2012 and July 2016 Four of the five firearms being purchased in either 2012 or 2013.

6

remembers selling firearms to Sabrina Spires and the defendant was usually present. He remembers the defendant providing input to Ms. Spires. On one occasion, he remembers the defendant and Sabrina Spires wanting to return or exchange a firearm. He remembers the defendant kept saying it was not a quality gun and he wanted money back.

6) Louis Polyniak was a neighbor to the defendant. He observed the defendant regularly carrying a .45 caliber handgun. In approximately 2021, he was walking home with another individual and was confronted by the defendant. Mr. Polyniak stated that at that time, the defendant told him to get off his property and brandished a shotgun towards Mr. Polyniak.

**II.    Evidence of defendant's felony conviction is intrinsic because it is an element of the offense.**

In a prosecution under 18 U.S.C. § 922(g)(1), the government must prove 1) the defendant knowingly possessed the firearms and ammunition listed in the verdict form; 2) the firearms and ammunition listed in the verdict form had been shipped or transported from one state to another or between a foreign nation and the United States; 3) at the time the defendant possessed the firearms and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and 4) at the time the defendant possessed the firearms and ammunition listed in the verdict form, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1); *see also* Ninth Circuit Instruction § 14.6, *Manual of Model Criminal Jury Instruction for the District Courts of the Ninth Circuit* (2022). It is well established that, by the statute's plain terms, status as a "convicted felon" is a core element of the offense. *See United States v. Beasley*, 346 F.3d 930, 933–34 (9th Cir. 2003). A defendant has a right to have a jury determine, beyond a reasonable doubt, that he is guilty of every element of the crime with which he is charged. *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995). Thus, the government must prove beyond a

7

reasonable doubt that the defendant was previously convicted of a felony. *See United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993) ("Section 922(g)(1) requires the government to prove beyond a reasonable doubt that Barker has been convicted of a prior felony.").

To establish that the defendant was a convicted felon prohibited from possessing firearms, the government intends to introduce evidence and testimony in its case-in-chief establishing the March 26, 1987 conviction in Wyoming state court, where the defendant was convicted of Larceny. This evidence will be presented through witness testimony (including an expert latent print examiner) and certified copies of the Wyoming State Penitentiary including the Judgment and Sentence from the Seventh Judicial District in Natrona County, Wyoming. Here, evidence of the prior conviction is not subject to a Rule 404(b) analysis because it is evidence of an essential element of the offense. *See United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1091 (9th Cir. 2007) ("Rule 404(b) does not exclude evidence forming an essential element of the charged offense."); *United States v. Cruz-Escoto*, 476 F.3d 1081, 1088 (9th Cir. 2007) ("[E]vidence that is a necessary element of the crime charged is not considered '[e]vidence of other crimes, wrong, or acts' within the meaning of the Rule."). Absent a stipulation from the defendant that on March 26, 1987, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, evidence establishing the prior conviction is admissible.

**III.     Other statements made by the defendant during the course of this investigation are admissible under Rule 404(b) to show opportunity, identity, intent, knowledge, and absence of mistake.**

Rule 404(b) of the Federal Rules of Evidence provides for the admission of "other crimes, wrongs, or acts" for reasons other than to show criminal disposition. *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)). The Ninth Circuit liberally construes 404(b) as a rule of "inclusion," and has stated that evidence is deemed admissible under 404(b) on appeal if it

is admissible on any ground other than to show propensity. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996); *United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982). Before other act evidence may be submitted to the jury, the district court is not required to make a preliminary finding that the government has proved the other acts by a preponderance of the evidence; the evidence simply needs to be sufficient to support a finding by a jury that defendant committed the act. *United States v. Huddleston*, 108 S.Ct. 1496 (1988). The trial court is afforded great deference in admitting other act evidence. *United States v. Batts*, 573 F.2d 599, 603 (9th Cir. 1978).

Evidence of other acts are admissible for other purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Other act evidence is probative of something other than criminal character and therefore admissible when it:

        (1) tends to prove a material point in issue in the present case;

        (2) is not too remote in time;

        (3) is proven with sufficient evidence; and

        (4) if admitted to prove intent, is similar to the offense charged.

*United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (citing *United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001)) (overruled on other grounds as recognized in *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007)). If the evidence meets this relevance test under Rule 404(b), it should be admitted unless its prejudicial impact substantially outweighs its probative value. *Johnson*, 132 F.3d at 1282 (citing *United States v. Boise*, 916 F.2d 497, 502–03 (9th Cir. 1990)).

First and foremost, the defendant's online statements would not be introduced to show criminal character. Instead, the evidence would be introduced to prove the elements of the charged offense. A material point in this case is whether the defendant knowingly possessed the firearms and ammunition on December 1, 2023. The defendant's online statements about being in possession of firearms, ammunition, and being an ex-con are all

9

probative of that material point.  His statements also demonstrate he had an opportunity and was able to possess firearms and ammunition even though he was a prohibited possessor.  Furthermore, any claim of mistake can be rebutted and disproven by the defendant's own statements.

The online statements made in this case are not too remote because they all occurred within two years of the charged crimes.  Furthermore, the statements will be proven and authenticated by introducing the defendant's own online posts.  Thus, the evidence meets all of the requirements set forth under Rule 404(b) and should be admitted.

Here, the defendant will likely claim that the firearms were owned and possessed by Sabrina Spires and that he never exercised dominion or control over the firearms or ammunition. The eyewitness testimony of witnesses who observed the defendant in possession of firearms on the same property where the firearms and ammunition were recovered, corroborates the defendant had an opportunity to control the firearms in addition to  establishing his knowing possession. More importantly, the testimony will establish identity and refute any claim of mistake.

Additionally, while the testimony covers the time the defendant lived on the Heber property, dating back to 2014 and ranging to just prior to his arrest in December 2023, it is not too remote.  *See, e.g., United States v. Broussard* , 80 F.3d 1025, 1040 (5th Circuit, 1997) (noting that rule 404 does not bar per se the introduction of a ten-year-old conviction.)  Here, testimony demonstrates that the defendant had access for many years to firearms since moving to the Heber property.

### IV.    Conclusion.

The evidence described above is admissible at trial.  Other evidence that the United States intends to offer is admissible to prove opportunity, identity, intent, knowledge, or the absence of mistake.   Therefore, the United States is providing

//

//

"reasonable notice of the general nature" of the evidence it intends to present at trial.  *See*
Fed. R. Crim. P. 404(b).

Respectfully submitted this 4th day of April, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ David A. Pimsner*
DAVID A. PIMSNER
ABBIE BROUGHTON
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2025, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System for filing and
transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Mark Rumold

Jami Johnson

*/s/ Alexandria Gaulin*
U.S. Attorney's Office

11