JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: (602) 382-2700
MARK RUMOLD
Cal. Bar No. 279060
JAMI JOHNSON
NY Bar No. #04823373
mark_rumold@fd.org
Assistant Federal Public Defender
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>vs.<br><br>Donald Day, Jr.,<br><br>          Defendant. | No. CR-23-08132-PCT-JJT<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE RE: DNA TESTIMONY AND NOTICE OF INTENT TO RELY ON FED. R. EVID. 703** |

Mr. Day respectfully urges the Court to deny the Government's motion in limine concerning DNA testimony (Dkt 141).

The government seeks a pretrial ruling that "the government does not need to call the FBI DCU biologists at trial to satisfy the defendant's general Sixth Amendment rights." Mot. at 8.

Such a ruling would be premature and, at this point, advisory. Whether the testimony of FBI DCU biologists is necessary to comply with the Sixth Amendment depends, in large part, on the evidence the government intends to admit and the testimony provided by Ms. Plaza at trial.

1

1    For example, if Ms. Plaza testifies that she did not supervise the FBI DCU biologists; that she did not review every test the biologists performed; and had no knowledge or control over the procedures that were used to conduct the tests—then, under those circumstances, the testimony of the FBI DCU biologists would likely be necessary to comply with the Sixth Amendment. *See Bullcoming v. New Mexico*, 564 U.S. 647, 661 (2011).

Although Mr. Day does not now anticipate objecting to the admission of DNA evidence on Sixth Amendment grounds, that could change, depending on Ms. Plaza's testimony at trial. And, because Mr. Day cannot say with certainty what that testimony will be, he cannot judge whether admission of DNA analysis based on Ms. Plaza's testimony alone would violate the Sixth Amendment.

Accordingly, the government's request is premature. The Court should deny the motion.

Respectfully submitted: May 9, 2025.

JON M. SANDS
Federal Public Defender

 *s/Mark Rumold*
MARK RUMOLD
Asst. Federal Public Defender