JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: (602) 382-2700
MARK RUMOLD
Cal. Bar No. 279060
JAMI JOHNSON
NY Bar No. #04823373
mark_rumold@fd.org
Assistant Federal Public Defender
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-23-08132-PCT-JJT |
|---|---|
| Plaintiff, | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION OPPOSING SEVERANCE** |
| vs. | |
| Donald Day, Jr., | |
| Defendant. | |

Mr. Day respectfully urges the Court to deny the Government's motion opposing severance and to sever Count 3 from the trial on all other counts in this case.

Severing Count 3 will ensure Mr. Day receives a fair trial on the other counts.

**I.  Severing Count 3 is legally justified and avoids unwarranted prejudice.**

The Court can order severance of counts where joinder at trial "appears to prejudice" the defendant. *See* Fed. R. Crim Pro 14(a). Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The Court is already aware of the risk of prejudice that attaches when "trying a felon in possession count together with other felony charges." *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996). Indeed, "[a]ll of the Circuit Courts seem to agree" that

doing so "creates a very dangerous situation." *Id.*; *see, e.g.*, *United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994) ("Courts have held that joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure."); *United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992) (recognizing that severance is appropriate when government joins felon in possession count with other charges and evidence of prior convictions "would not be admissible on the other counts"); *United States v. Dockery*, 955 F.2d 50, 56 (D.C. Cir. 1992) ("[A] joint trial of ex-felon counts must be conducted with 'sufficiently scrupulous regard for the defendant's right to a fair trial.'") (internal citation omitted).

To prove Count 3, in addition to proving that Mr. Day has a prior felony conviction, the government has indicated it intends to introduce evidence of at least the following:

- A statement allegedly made by Mr. Day that he was an "x-con" who was "armed to the teeth"
- At least four witnesses to testify about seeing Mr. Day possessing a gun.

*None* of that evidence would be admissible in a trial on the other counts; its admission at trial will substantially prejudice Mr. Day.

The Court previously identified "strong limiting instructions" as a cure for the prejudice that will attach by trying Count 3 with the other charges in this case. *See* Order (Dkt. 128). But—because of the dissimilar nature of the various counts in this case—limiting instructions are already carrying a great amount of prejudicial-weight.

The Court has ruled that, subject to limiting instructions, the government will be permitted to introduce evidence concerning the Wieambilla shootings—a triple homicide, for which Mr. Day is not responsible, which occurred 8,000 miles away, carried out by people Mr. Day never met in person. *See* Order at 4-6 (Dkt 153). The Court has also ruled that, subject to limiting instructions, the government may introduce evidence concerning certain features of the Trains property, *see id*. at 7; and the government has already

indicated it intends to introduce evidence of the similarities between the Trains' property and Mr. Day's property.

Adding the evidence the government intends to introduce to prove Count 3—evidence of Mr. Day's alleged prior felony conviction and granular testimony about the weapons and firearms he allegedly possessed—is likely more prejudicial weight than even the strongest limiting instructions can bear.

## II.   The Court's proposed procedure for severance will be the most fair and efficient way to conduct the trial.

The Court indicated that it was considering severing Count 3, and having a trial on Count 3 immediately following the conclusion of the trial on Counts 1, 2, 4, and 5, using the same jury. If all counts proceed to trial, Mr. Day agrees that is likely the most fair and efficient procedure for trial.

The government's motion proposes bifurcating the single *element* of Mr. Day's status as a prior felon. But, as the government itself recognizes, bifurcation of elements is disfavored. *See* Mot. at 3 (Dkt. 151). And, regardless, bifurcation of a single element is not a suitable remedy because of the interrelationship between some of the evidence the government intends to admit to prove Count 3. For example, Mr. Day's alleged statement that he is an "x-con" who is "armed to the teeth" is: (1) evidence of his alleged possession of firearms; (2) evidence that he has a prior felony conviction (and his knowledge of it); and (3) would not be admissible as evidence on any other count. Witnesses who would testify about Mr. Day's alleged possession of firearms likewise would not be admissible as evidence at trial on the other counts. Bifurcating only Mr. Day's prior felony conviction does not solve this problem.

Finally, the government's timing concern is easily resolved: at the outset of jury selection, the Court can explain to prospective jurors that it is possible that the trial could be longer than previously anticipated, and screen for hardship on that basis.

\*   \*   \*

Overall, severing Count 3 is the only mechanism to ensure Mr. Day receives a fair trial. Mr. Day respectfully requests the Court do so.

Respectfully submitted: May 9, 2025.

                              JON M. SANDS
                              Federal Public Defender

                               *s/Mark Rumold*
                              MARK RUMOLD
                              Asst. Federal Public Defender