JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
MARK RUMOLD
California Bar # 279060
JAMI JOHNSON
New York Bar #04823373
Assistant Federal Public Defenders
mark.rumold@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-08132-PCT-JJT |
|---|---|
| Plaintiff, | |
| vs. | **MOTION IN LIMINE RE STATEMENTS OF MR. DAY** |
| Donald Day, Jr., | |
| Defendant. | |

Donald Day, Jr., by and through counsel, hereby moves the Court for an order setting a deadline of August 29, 2025, for the government to disclose to the Defense those statements of Mr. Day which it intends to admit at trial. If disclosures are not made by that date, Mr. Day respectfully requests that the government be precluded from admitting the statement at trial.

**I.    BACKGROUND**

Mr. Day presently faces four charges—two are threat charges, and two are firearm related charges. He has entered pleas of not guilty to all charges.

A massive volume of material has been produced in discovery concerning Mr. Day's prior statements. Mr. Day has provided hours of statements to law enforcement; there are hours of recorded jail calls; and there are hours of videos

1

created by Mr. Day that are potentially at issue in this case. Mr. Day's statements were often far-ranging—covering topics far-afield of those at issue in this case.

## II.  ARGUMENT

The Defense expects the government will seek to admit short excerpts of Mr. Day's statements at trial. However, given the volume of material at issue—and the far-ranging nature of many of the statements—there is a very real risk that the excerpts will create a misleading impression of what was said.

And, depending on the particular statement involved, its admission could raise other evidentiary issues concerning Rules 401, 403, or 404, among other concerns. But, because of the volume of material at issue, it will be impossible to effectively complete this analysis during trial.

Accordingly, Mr. Day respectfully requests the Court order the Government to indicate which portions of Mr. Day's statements it intends to introduce by August 29, 2025.

This will allow the Defense the opportunity to assess the statements, raise any evidentiary objections, and to identify whether any additional material should, in fairness, be included with the statement under Rule 106.

Mr. Day respectfully requests that any statement the government does not identify by that date should not be admitted at trial.

## III.  CONCLUSION

For all these reasons, Mr. Day respectfully requests the Court order the government to identify the statements of Mr. Day it intends to introduce by August 29, 2025.

RESPECTFULLY SUBMITTED:    August 6, 2025

JON M. SANDS  
Federal Public Defender

*s/ Mark T. Rumold*  
MARK T. RUMOLD  
Assistant Federal Public Defender