JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona  85007
Telephone: 602-382-2700

MARK RUMOLD, Cal. Bar #279060
Asst. Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>      vs.<br><br>Donald Day, Jr.,<br><br>             Defendant. | CR-23-8132-PCT-JJT<br><br>**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS COUNT 4** |

Donald Day, Jr., through undersigned counsel, respectfully provides this supplement to his initial Motion to Dismiss Counts 3 & 4 (ECF #41).

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or from an order based thereon.

Respectfully submitted:  August 19, 2025.

JON M. SANDS
Federal Public Defender

 /s/ *Mark Rumold*
Mark Rumold
Asst. Federal Public Defender

**MEMORANDUM OF LAW**

## I.    Introduction

Mr. Day respectfully offers this supplemental motion, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Count 4 of the Second Amended Superseding Indictment, which charges possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861. As previously described in his motion to dismiss, the law violates Mr. Day's Second Amendment rights. *See* Motion to Dismiss at 6-8 (ECF 41).

However, Mr. Day offers this supplemental motion because recent legislative changes have eroded the Constitutional framework underpinning the tax-and-registration regime behind the National Firearms Act. For this additional reason, Count 4 should be dismissed.

## II.    Background

Relevant here, Mr. Day is charged with one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861.

In 1934, Congress invoked its tax authority to enact the the National Firearms Act, 26 U.S.C. § 5800, et seq, —"a regulatory measure in the interest of the public safety." *United States v. Freed*, 401 U.S. 601, 609 (1971). This regulatory scheme with criminal penalties evolved, and in 1958, Congress added a criminal offense to the NFA prohibiting the receipt or possession of an unregistered firearm. 26 U.S.C. § 5861(d).

This statute—and the allegation that Mr. Day possessed an unregistered short-barreled shotgun—form the foundation for Count 4.

## III.    Argument

The NFA's regulation of short-barreled shotguns represents an unconstitutional overreach of the federal government's powers. The NFA is not supportable as a legitimate exercise of Congress's taxing power. Absent a legitimate source of federal power for the

regulation of short-barreled shotguns, the regulatory regime—and 26 U.S.C. § 5861(d), in particular—is unconstitutional. Accordingly, Count 4 should be dismissed.

"In our federal system, the National Government possesses only limited powers; the States and the people retain the remainder." *Bond v. United States*, 572 U.S. 844, 854 (2014). By creating a federal government of enumerated powers, the Constitution limits the authority of the government to exercising only the powers granted to it by the Constitution. *Bond*, 572 U.S. at 854 (quoting *McCulloch v. Maryland*, 17 U.S. 316, 405 (1819)). Under the federalist system, "[t]he States have broad authority to enact legislation for the public good—what [the Supreme Court] ha[s] often called a 'police power.'" *Bond*, 572 U.S. at 854 (quoting *United States v. Lopez*, 514 U.S. 549, 552 (1995)). In contrast, Congress lacks a police power and "cannot punish felonies generally." *Cohens v. Virginia*, 19 U.S. 264, 428 (1821). Thus, every criminal offense Congress enacts must have "some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States." *Bond*, 572 U.S. at 854.

One of Congress's enumerated powers includes the power to lay and collect taxes. U.S. Const. art. I, § 8, cl. 1. And Congress does not necessarily exceed its constitutional authority when it levies taxes to try to influence conduct. *See NFIB v. Sebelius*, 567 U.S. 519, 567 (2012).

But Congress's "ability to use its taxing power to influence conduct is not without limits." *NFIB*, 567 U.S. at 572. Congress *cannot* use its enumerated powers as a pretext to exercising power reserved to the States or the people. *McCulloch*, 17 U.S. at 423.

Historically, the NFA imposed a $200 "tax" for each firearm made or transferred. *See* 26 U.S.C. § 5811(a), § 5821. But, as the Supreme Court has recognized, "[t]here comes a time in the extension of the penalizing features of the so-called tax when it loses its character as such and becomes a mere penalty with the characteristics of regulation and punishment." *NFIB*, 567 U.S. at 573. The NFA's $200 tax served as a pretext for

criminalizing the receipt and possession of a short-barreled shotgun, which is properly a matter for the States rather than the Federal Government.

Several features of the $200 tax strongly suggest that it never functioned as a tax. First, until July, the amount of the $200 payment had not changed since 1934. Congress's decision not to adjust the amount owed for nearly 100 years suggests that Congress never sought the $200 payment to produce revenue for the government—the essential feature of a tax. *See NFIB*, 567 U.S. at 563-64.

Recent legislative changes confirm this. The One Big Beautiful Bill Act, which Congress enacted and the President signed on July 4, 2025, zeroes the making and transfer tax on nearly all NFA-regulated firearms—including short-barreled shotguns. That means the constitutional foundation on which the NFA rested has dissolved. *See, e.g.*, *United States v. Constantine*, 296 U.S. 287, 295 (1935) (provision that does not generate revenue cannot be justified as a tax). And the NFA cannot be upheld under any other Article I power. *See NFIB*, 567 U.S. at 535. That means, with respect to untaxed firearms—including short-barreled shotguns— the Act is now unconstitutional.

Beyond the fact that it raises no revenue, there are other indications that the NFA is no longer a functional tax: (1) enforcement of the NFA no longer lies with the Treasury Department, but with the Justice Department and the ATF; (2) criminal penalties—like those to which Mr. Day is presently subjected—not the collection of revenue, drive enforcement of the NFA; and (3) the NFA's penalties are far more severe than other criminal penalties for failing to pay a tax.

Because the NFA is not supportable as an exercise of the federal government's tax power, the regulation of short-barreled shotguns—like the one allegedly possessed by Mr. Day in this case—must be left to the States. That is especially true here, where there is no allegation that the short barreled shotgun ever left Mr. Day's property—let alone entered or affected interstate commerce in any way.

## IV.    Conclusion

1    Count 4 of the indictment must be dismissed.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28