TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ABBIE BROUGHTON
California State Bar No. 226680
GLENN B. McCORMICK
Arizona Bar No. 013328
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Abbie.Broughton@usdoj.gov
Email: Glenn.McCormick @usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>    vs.<br><br> Donald Day Jr.,<br><br>             Defendant. | Case No. CR-23-08132-PCT-JJT<br><br>**UNITED STATES' RESPONSE TO MOTION IN LIMINE RE ALLEGATIONS OF DOMESTIC OR EMOTIONAL ABUSE** |

In his motion at Doc. 200, Defendant requests that the Court preclude the United States from introducing any evidence of any alleged acts of emotional or domestic abuse in the relationship between Defendant and his former girlfriend, S.S. a witness for the government.

The United States does not intend to introduce evidence of abuse as character evidence, nor do we seek to have it identified as prior acts evidence under 404(b) unless there is some reason that develops at trial to admit such evidence for other reasons. However, as S.S. will be a witness testifying about her own actions and observations of the defendant, the nature of their relationship is a fact of consequence to both her credibility and her perception of the events that make up the charges in this case.

It is anticipated S.S. will testify that 1) she is fearful of Defendant based on statements he made to her during their relationship, 2) he was emotionally controlling of her, 3) he did not allow her to leave the property, and 4) she used marijuana during the time they lived together because of her unhappiness with their relationship. She has only identified one incident of physical contact, a "shoulder check", when he was angry, and the government does not seek to introduce that evidence unless cross examination or Defendant's testimony opens the door to such evidence. And contrary to Defendant's claims, there are recorded jail call between Defendant and S.S. where his statements are manipulative or abusive in nature, and defense counsel has possession of all those calls as well.

Because of the nature of their relationship, it is also possible that S.S. will testify in a way that minimizes or deny her prior statements *because of* her fear and the results of her prior relationship with Defendant involving emotional abuse. This evidence is not a primary focus of her testimony, and the United States does not seek to admit it for any prejudicial purpose, however, depending on how the witness testifies, evidence regarding the nature of their relationship will likely be limited to the areas enumerated above and as such will prevent undue prejudice. Even in the government's case in chief, evidence of S.S.'s relationship to Defendant is highly probative of her credibility, bias, and memory of events.

Evidence relating to bias is highly relevant to the jury because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony. "The 'common law of evidence' allowed the showing of bias by extrinsic evidence, while requiring the cross-examiner to 'take the answer of the witness' with respect to less favored forms of impeachment. *United States v. Abel*, 469 U.S. 45, 52, (1984), citing McCormick on Evidence § 40, p. 85 (3d ed. 1984). Where the extrinsic evidence in question is evidence regarding the negative (or positive) nature of the witness's relationship to Defendant it is

relevant to the witness's credibility and bias. *See Olden v. Kentucky*, 488 U.S. 227, 230–31, 109 S. Ct. 480, 482, 102 L. Ed. 2d 513 (1988) (protecting a defendant's right to introduce a witness's inter-racial relationship as evidence of that witness's bias or motive to lie, even if the trial court thinks the jurors' racial biases will prejudice the jury against that witness.) While here, the potential prejudice could be directed toward the Defendant along with the witness, some evidence of the negative aspects of the relationship go to credibility and outweigh any potential prejudice. A pretrial preclusion is premature and only serves to impede the jury from doing their job as triers of fact.

Further, it is anticipated that a potential defense in the case will be that because S.S. was the purchaser of the firearms at issue, she is therefore the sole possessor of the firearms and ammunition at issue in the two firearms counts. That defense argument, and other potential arguments and cross examination of the witness open the door to evidence regarding the nature of their relationship and defendant's role in those purchases and firearm usage, even if it is negative to the Defendant.

For the reasons discussed above, Defendant's motion should be denied.

Respectfully submitted this 25th day of August, 2025.

                      TIMOTHY COURCHAINE
                      United States Attorney
                      District of Arizona

                      */s/ Abbie Broughton*
                      ABBIE BROUGHTON
                      GLENN McCORMICK
                      Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th of August, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Rumold
Jami Johnson
*/s/Alexandria Gaulin*
U.S. Attorney's Office