IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Donald Day, Jr.,<br><br>        Defendant. | No. CR-23-08132-001-PCT-JJT<br><br>**ORDER** |

      As a result of defendant's guilty plea to Count 3 of the Amended Second Superseding Indictment, charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 922(g)(1) and 924(a)(8), Felon in Possession of a Firearm, a Class C felony offense, the defendant agreed to forfeit all right, title and interest in the following Subject Property, in accordance with the Amended Second Superseding Indictment and government's Bill of Particulars Regarding Forfeiture:

      1. American Tactical Model M1911GI, .45 caliber Pistol, SN: GI103689 with magazine and 10 Rounds of ammunition;

      2. JC Weaponry multi caliber Rifle, SN: SFO833 and magazine with 30 rounds of .223/.556 caliber ammunition;

      3. Smith and Wesson Model M&P-15 Rifle, S/N: SM67458 and magazine with 30 rounds of .223 caliber ammunition;

      4. Marlin rifle, XT-22, serial number MM58138B, with Nikon scope, serial number 1040081, and 7 Rounds of .22 caliber ammunition;

5. Taurus Int. Mfg. Model .44 Magnum Revolver, SN: ZD385912 and 5 rounds of .44 caliber Magnum ammunition;

6. Glock Model 21, serial number V6548, and 13 Rounds of .45 caliber ammunition;

7. Remington Arms 870 Super Mag, serial number AB455140A and 4 Rounds of 12 Gauge ammunition;

8. Taurus Model PT24/7G2C Pistol, SN: NF059160 containing 10 rounds of .45 caliber ammunition;

9. Izhmash Model Saiga 7.62 caliber Rifle, SN: H021202756;

10. Carrier containing 9 Rounds of .45 caliber ammunition;

11. 12 Rounds of .44 caliber ammunition;

12. 4 Magazines with .22 caliber ammunition;

13. 4 Magazines with .45 caliber ammunition;

14. 2 Magazines with .45 caliber ammunition;

15. 3 Magazines with .45 caliber ammunition;

16. 19 Rounds of .22 caliber ammunition;

17. Box containing 8 Rounds of 9mm ammunition;

18. 2 rounds of .223 caliber ammunition;

19. 1 Round of .22 caliber ammunition;

20. 4 Magazines with .45 caliber ammunition;

21. 5 Magazines with .223 caliber ammunition;

22. 49 Rounds of 12 Gauge ammunition;

23. 1 Magazine with .45 caliber ammunition;

24. 2 Magazines with 30 Rounds of .223 caliber ammunition;

25. 4 Magazines with .45 caliber ammunition;

26. Ammo Can containing a variety of .45 caliber and .223 caliber ammunition;

27. 5-Gallon Plastic Bucket containing a variety of .22 caliber and 12 Gauge ammunition;

28. 5-gallon Plastic Bucket containing .45 caliber ammunition;

29. 5-gallon Plastic Bucket containing .223 caliber ammunition;

30. Ammo Can containing a variety of .223 caliber and 12 Gauge ammunition;

31. 3 Ammo Cans containing a variety of .223 Caliber and 7.62 x 39 caliber ammunition;

32. Ammo Can containing a variety of 12 Gauge, .45 caliber, .22 caliber, .223 caliber, and 9mm ammunition;

33. Orange Case containing 12 Gauge ammunition; and

34. 1 9mm Round and 1 .223 caliber Round.

The Court has determined that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c). The government has established the requisite nexus between the Subject Property and the offense to which the defendant pled guilty. The Court finds that the defendant has forfeited all right, title and interest defendant may have in the Subject Property.

Upon the entry of this Order, the United States is authorized to seize the Subject Property and to conduct any discovery to identify, locate or dispose property that is subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3). Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Any person asserting a legal interest in the Subject Property must, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of any alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the defendant's sentencing and shall be included in the sentence and judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent

of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, and the petitioner shall serve a copy upon Joseph F. Bozdech, Assistant United States Attorney.

After the disposition of any motion filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS ORDERED** granting the United States of America's Motion for Order of Forfeiture (Doc. 277).

Dated this 12th day of November, 2025.

Honorable John J. Tuchi
United States District Judge