TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ABBIE BROUGHTON
California State Bar No. 226680
GLENN B. McCORMICK
Arizona Bar No. 013328
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Abbie.Broughton@usdoj.gov
Email: Glenn.McCormick @usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Donald Day Jr., <br><br> Defendant. | Case No. CR-23-08132-PCT-JJT <br><br> **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT** |

Defendant's objections should be overruled in part and granted in part. The 2-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B)(iii) applies to Defendant and reference to victims of dismissed counts is properly included in the Presentence Investigation Report (PSR). After consultation with Probation, the Government agrees there is not sufficient evidence to infer membership in the Aryan Brotherhood, and such reference should be stricken.

    **I.**    **Defendant Received Firearms and Ammunition as a Result of Inducing Ms. Spires to Purchase and Transfer Those Firearms and Ammunition to His Possession Knowing He was a Prohibited Person.**

Defendant encouraged and induced Ms. Spires to purchase firearms and ammunition

for his own use in a variety of ways including by asking her to make those purchases, by accompanying her on trips to the firearms dealer, and by teaching her to use and maintain firearms. When such inducement to purchase or provide firearms or ammunition happens, a two-level enhancement is applicable. U.S.S.G. § 2K2.1(b)(6)(B) applies where a defendant:

> (B) (i) transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, a firearm or any ammunition knowing or having reason to believe that such conduct would result in the receipt of the firearm or ammunition by an individual who (I) was a prohibited person; or (II) intended to use or dispose of the firearm or ammunition unlawfully; (ii) attempted or conspired to commit the conduct described in clause (i); or (iii) received a firearm or any ammunition as a result of inducing the conduct described in clause (i), increase by 2 levels;

Subsection (iii) refers back to (i) resulting in an increase where a defendant induced a person to purchase a firearm or ammunition while knowing or having reason to believe that would result in the receipt of those items by a prohibited possessor. Here, there is no dispute that Ms. Spires purchased the firearms and some of the ammunition. There is also agreement on the fact that Ms. Spires knew defendant was a prohibited possessor. Defendant argues that 1) this enhancement should not apply to him because it was intended to apply only in straw purchasing or firearms trafficking cases; 2) the enhancement is not applicable because the text is ambiguous; and 3) Ms. Spires did not obtain the firearms or ammunition with the intent to transfer those firearms to him and 4) he did not "induce" Ms. Spires to make the purchases. All four arguments are incorrect.

      a. <u>U.S.S.G. § 2K2.1(b)(6)(B)(iii) is applicable in 922(g) cases.</u>

This specific offense characteristic is applicable to 922(g). The amendment

2

specifically allowing for a two-level increase has only been in effect since November 2023. There is no case law to suggest that this subsection is inapplicable. Despite the Sentencing Commission notes regarding Congressional comments regarding increased penalties for straw purchasing and the potential under punishment compared to felons in possession, that is not the only applicable situation for this enhancement. *United States Sentencing Commission*, Amendment 819, https://www.ussc.gov/guidelines/amendment/819. The Commission notes states that this "enhancement is tailored to apply to … defendants who **induce** straw purchasing." *Id*, emphasis added. Defendant engaged in such conduct, inducing Ms. Spires to purchase weapons through encouragement, teaching, and creating a climate of fear. The fact that he is convicted of a felon in possession offense, does not mean this enhancement is inapplicable. He engaged in the conduct this enhancement means to address, even where it was not part of a larger firearms trafficking scheme involving traditional straw purchasing or a straw purchasing conviction.

        b. <u>The text of this enhancement is clear.</u>

The language of Section 2K2.1(b)(6)(B) includes many descriptors of ways guns can be transferred or possessed by a prohibited person. One of those descriptors, clause (iii) is that a defendant receives a firearm or ammunition by inducing another to engage in the conduct described in clause (i), which is to purchase, or transfer said item knowing the recipient was a prohibited possessor.  That plain language applies to this situation.

Defendant induced Ms. Spires to purchase firearms and ammunition knowing that Defendant would be in receipt of those items and that he was a prohibited possessor.  The language is applicable to the conduct in this case.

        c. <u>Ms. Spires obtained firearms and ammunition with the intent of giving the Defendant possession of those items.</u>

Defendant argues that Ms. Spires lacked the intent to "transfer" firearms to Defendant.  But the language of the guideline does not explicitly require such a change of possession. U.S.S.G. § 2K2.1(b)(6)(B)(i) describes the intent requirement as "transported,

3

transferred, sold, or otherwise disposed of, or purchased or received with **intent to transport, transfer, sell, or otherwise dispose of,** a firearm or any ammunition knowing or having reason to believe that such conduct would result in the receipt of the firearm or ammunition by an individual who (I) was a prohibited person[.]" emphasis added.  This language includes "transport" and "otherwise dispose of" knowing the items would be "received" by a prohibited person.  Ms. Spires did both. She transported the firearms and placed them in a location where a prohibited person received them. The intent here appears to be broad and inclusive of many methods of sharing firearms or ammunition with a prohibited person.

The facts in this case show that Defendant had one firearm in the shop that both Ms. Spires and Defendant referred to as his shop. In her initial interviews, Ms. Spires attempted to take responsibility for the firearms. Later, with some distance from Defendant, she explained that she had felt controlled by Defendant and she actually only became interested in firearms based on his encouragement. In a pretrial interview on March 27, 2025, Ms. Spires told Agents the following:

> The work shed on the property was DAY's shed. SPIRES confirmed to agents that photograph #24 was DAY's shed. SPIRES rarely went into the shed, and only had a few personal items in there such as a generator. Everything else in the shed belonged to DAY.

Exhibit A, Bates# Day_012437; Exhibit B, Photos

The Izhmash Model Saiga 7.62 Caliber Rifle listed as item 8 in the plea agreement was recovered from Defendant's shed. The guideline provision does require a complete "transfer" as Defendant argues, but if the court interprets the provision to require such a transfer of possession, that firearm was in a space used almost exclusively by Defendant and known to both as his shed, which would constitute such transfer.

  d. <u>Defendant induced Ms. Spires to purchase the firearms and ammunition.</u>

Defendant argues that he did not induce Ms. Spires to purchase the firearms and

4

1  ammunition. On the contrary, Ms. Spires told agents that before meeting Defendant, she
2  did not own guns. After meeting Defendant, he encouraged her to purchase guns. *See*
3  Exhibit A, Bates# Day_012438

4  While early in the investigation, and in the recorded interview transcripts Defendant
5  attached to his objection, Ms. Spires attempted to minimize Defendant's possession of
6  firearms and maximize her interest and role with the firearms; later in the investigation,
7  given more time away from Defendant, she described the situation very differently, as
8  referenced above. She filed a restraining order against defendant and described him as
9  controlling. She specifically detailed that he regularly described his past acts of violence
10 and created an environment that made her fearful that she would be harmed by the outside
11 world. In an interview March 27, 2025, Ms. Spires told agents:

12  DAY would consistently tell SPIRES about his violent past and would
13  tell her violent stories. DAY would only watch violent movies and
14  those that showed that law enforcement was the enemy. There were
15  times that SPIRES was seriously concerned about her safety from
16  DAY.
17  DAY accompanied SPIRES on almost every gun purchase trip she
18  took. SPIRES specifically remembers that DAY was there when she
19  purchased the 1911 pistol in Flagstaff at Reeder's.

20 Exhibit A, Bates# Day_012437

21  This was corroborated by witnesses from Reeders, the gun store in Flagstaff. Two
22 witnesses there reported seeing Defendant and Ms. Spires come in together and Ms. Spires
23 make the purchases and Defendant engaging in detail surrounding the quality of the firearm
24 and asking for money back.  (PSR ¶ 27.)  Ms. Spires statements establish that Defendant
25 induced her to purchase the firearms and ammunition.

26  Once Ms. Spires got some distance from Defendant and was able to speak more
27 clearly on her experience in this relationship, it is clear that Defendant induced the purchase
28

5

of these firearms, for his use and possession, knowing he was a prohibited possessor, and the enhancement should be applied.

## II.    The Court Can Consider Victims of Dismissed Counts

Defendant objects to the victims of the remaining counts of the indictment that will be (or have been) dismissed being included in the PSR. This objection is contrary to the law. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *United States v. Watts*, 519 U.S. 148, 151, (1997) citing 18 U.S.C. § 3661.  The District Court is permitted to consider dismissed counts, and even evidence from acquitted counts from a trial, as long as that conduct has been proved by a preponderance of the evidence. *See Watts* 519 U.S. at 151.  Here, the United States dismissed the count involving Tedros Adhanom Ghebreyesus and would not object to his name being removed from the PSR. However, the other listed victims from the violations of Counts 1 and Count 5 should remain. Evidence has been presented regarding those counts in prior pleadings and in the PSR, and can be readdressed with this Court if necessary, including Defendant's own admissions to making threats towards those victims. There is sufficient evidence for the victim's information to remain in the PSR and for the Court to consider the conduct of the dismissed counts, even if Defendant continues to dispute those counts.

## III.    Defendant is not a Member of the Aryan Brotherhood

After consultation with the Probation Department and based on further investigation, the notes in Defendant's records referencing AB are inconclusive and this should be stricken from the PSR.

//

//

//

6

## IV. CONCLUSION

For the reasons discussed above, Defendant's objections should be overruled in part and granted in part.

Respectfully submitted this 31st day of January 2026.

                TIMOTHY COURCHAINE
                United States Attorney
                District of Arizona

                */s/ Abbie Broughton*
                ABBIE BROUGHTON
                GLENN McCORMICK
                Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st of January, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark Rumold
Jami Johnson
*/s/Abbie Broughton*
U.S. Attorney's Office